745 P.2d 936 (1987)
ALASKA CONSERVATIVE POLITICAL ACTION COMMITTEE, an unincorporated association, Appellant,
v.
MUNICIPALITY OF ANCHORAGE, Ruby Smith, Municipal Clerk; Jerry Wertzbaugher, Municipal Attorney; and Dave Walsh, Chairman of the Municipal Assembly, Appellees.
No. S-1810.
Supreme Court of Alaska.
November 27, 1987.
Glen Mark, Vandiver & Russell, Anchorage, for appellant.
Jeffrey W. Cole, Asst. Mun. Atty., and Jerry Wertzbaugher, Mun. Atty., Anchorage, for appellees.
Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION
MOORE, Justice.
The Alaska Conservative Political Action Committee sued the Municipality of Anchorage to require it to place an initiative on the ballot. The superior court entered summary judgment for the Municipality, concluding that the Municipality properly rejected the initiative because it is unconstitutional, argumentative and misleading, and does not comply with technical municipal code requirements. We affirm the summary judgment on the ground that the initiative would make an appropriation, in violation of article XI, section 1 of the Alaska Constitution.

I. FACTUAL AND PROCEDURAL BACKGROUND
The Alaska Conservative Political Action Committee (ACPAC) is a registered political action committee. In December 1985, it circulated an initiative petition in the Municipality of Anchorage. The initiative would require the Municipality to sell Anchorage Municipal Light and Power (MLP), a municipally-owned utility, to Chugach Electric Association (CEA), a private non-profit cooperative corporation, for one dollar. *937 CEA would assume MLP's current and accrued liabilities. MLP's assets and liabilities would be transferred to CEA within ninety days after certification of the election.[1]
ACPAC gathered enough verified signatures to place the initiative on the October 1986 ballot. However, the municipal clerk refused to certify the initiative for the ballot.
ACPAC sued the Municipality and certain officers seeking an order directing the municipal clerk to certify the initiative. The superior court granted summary judgment for the Municipality on the grounds that the initiative (1) would unconstitutionally make an appropriation, (2) is misleading and argumentative, and (3) does not meet the technical requirements of the Anchorage Municipal Code. ACPAC appeals.[2]

II. THE PROPOSED INITIATIVE VIOLATES ALASKA CONSTITUTION ARTICLE XI, SECTION 7 BECAUSE IT WOULD MAKE AN APPROPRIATION
ACPAC argues that the initiative would not make an appropriation because it does not involve municipal money or land. The Municipality contends that the initiative constitutes an appropriation because it would require the Municipality to give away an asset with $32.7 million equity for one dollar.
The Alaska Constitution grants the people the right to enact laws by initiative. Alaska Const. art. XI, § 1.[3] However, this constitutional power specifically prohibits making appropriations by initiative. Id. § 7.[4] The same power of initiative is extended to municipal residents, subject to the same limitations. AS 29.26.100.[5]
*938 The constitutional prohibition against making an appropriation by initiative is not limited to appropriations of money. For example, in Thomas v. Bailey, 595 P.2d 1, 7 (Alaska 1979), we ruled that an initiative which would give away 30 million acres of land to Alaska residents was an "appropriation" prohibited by article XI, section 7. We noted that the constitutional convention delegates "wanted to prohibit the initiative process from being used to enact give-away programs, which have an inherent popular appeal, that would endanger the state treasury." Id.[6] We concluded that "by the term `appropriations,' article XI, section 7 prohibits an initiative whose primary object is to require the outflow of state assets in the form of land as well as money." Id. at 6-7.
We conclude that the logic of Bailey also applies in the instant appeal. The prohibition against appropriations by initiative applies to all state and municipal assets. A utility with $32.7 million equity is a significant municipal asset. The initiative would require the Municipality to transfer it for the nominal sum of one dollar. This is precisely the kind of "rash, discriminatory, and irresponsible act[]" against which the state and its subdivisions are protected under article XI, section 7. We therefore AFFIRM the summary judgment for the Municipality on the ground that the initiative would unconstitutionally make an appropriation.[7]
NOTES
[1] The proposed initiative states:

Shall the following iniative [sic] petition called Anchorage Electric Users Initiative, the sale in the public interest of Anchorage Municipal Light & Power to Chugach Electric Association for one (1) dollar, when enacted shall permanently terminate the duplication that now exists between these two utilities be adopted? Yes ____ No ____
A. In the public interest, the Municipality of Anchorage, Alaska shall sell and dispose of the total current and accrued assets of the Anchorage Municipal Light & Power, to Chugach Electric Association immediately upon certification of the election, for the sum of one (1) dollar. Chugach Electric Association shall succeed to all current and accrued liabilities of the Anchorage Municipal Light & Power.
B. In the public interest, the transfer of the Anchorage Municipal Light & Power billing system to Chugach Electric Association shall be completed in ninety (90) days from certification of the election.
C. In the public interest, the transfer of the Anchorage Municipal Light & Power generation facilities, headquarter buildings, power lines, equipment, field crews, and the total accrued liabilities shall be completed within ninety (90) days from certification of the election.
[2] ACPAC sued to require the Municipality to place the initiative on the October 1986 ballot. It is far too late to grant the requested relief; however, the Municipality has not argued that the issue is moot. Even if the appeal is technically moot, we conclude that it falls within the public interest exception to the mootness doctrine, because application of the doctrine may frustrate judicial review of a potentially recurring controversy. See Thomas v. Rosen, 569 P.2d 793, 794-95 (Alaska 1977). We shall therefore address the merits of the appeal.
[3] Alaska Const. art. XI, § 1 provides:

The people may propose and enact laws by the initiative, and approve or reject acts of the legislature by the referendum.
[4] Id. § 7 provides in part:

The initiative shall not be used to dedicate revenues, make or repeal appropriations, create courts, define the jurisdiction of courts or prescribe their rules, or enact local or special legislation.
[5] AS 29.26.100 provides:

The powers of initiative and referendum are reserved to the residents of municipalities, except the powers do not extend to matters restricted by art. XI, sec. 7 of the state constitution.
See also AS 29.10.030(c); Anch.Mun. Charter art. II, § 1; id. art. III, § 302.
We have stated that constitutional and statutory provisions respecting initiatives should be liberally construed, and technical and procedural problems should be resolved in favor of the initiative petition whenever possible. Yute Air Alaska v. McAlpine, 698 P.2d 1173, 1181 (Alaska 1985) (per curiam); Municipality of Anchorage v. Frohne, 568 P.2d 3, 8 (Alaska 1977). However, the issues presented by the instant appeal transcend the mere technical: here, we must construe the scope of the constitutional right of initiative.
[6] "The limitations upon direct popular legislative authority were a compromise designed to reserve basic authorities to the people while protecting the state against rash, discriminatory, and irresponsible acts." V. Fischer, Alaska's Constitutional Convention 81 (1975), quoted in Bailey, 595 P.2d at 7.
[7] Because our decision on this issue is dispositive, we do not reach the other arguments on appeal.